UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

APRIL BECHARD,

                Plaintiff,

v.                                                            8:13-CV-1472
                                                                (GTS/WBC)
COMM'R OF SOC. SEC.,

                Defendant.
_____

APPEARANCES:                                                OF COUNSEL:

ANDERSON, LAMB and ASSOCIATES         ARTHUR P. ANDERSON, ESQ.
  Counsel for Plaintiff
P.O. Box 1624
Burlington, VT 05402-1624

U.S. SOCIAL SECURITY ADMIN.              ELIZABETH ROTHSTEIN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## REPORT and RECOMMENDATION

      This matter was referred for report and recommendation by the Honorable Judge Suddaby, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). (Dkt. No. 20) This case has proceeded in accordance with General Order 18.

      Currently before the Court, in this Social Security action filed by April Bechard ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-

motions for judgment on the pleadings. (Dkt. Nos. 16, 19.) For the reasons set forth below, it is recommended that Plaintiff's motion be granted in part and denied in part, and Defendant's motion be granted in part and denied in part.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on April 27, 1977. (T. 120.) She received her GED. (T. 155.) Generally, Plaintiff's alleged disability consists of a ruptured disc, low back pain, and left leg pain. (*Id.*) Her alleged disability onset date is October 29, 2010. (T. 53.)[1] Her date last insured is March 21, 2015. (T. 69.) She previously worked as a clerk/broker and cashier. (T. 156.)

### B. Procedural History

On December 27, 2010, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II of the Social Security Act. (T. 127.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On May 17, 2012, Plaintiff appeared before the ALJ, Arthur Patane. (T. 32-52.) On April 20, 2012, ALJ Patane issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 18-31.) On September 26, 2013, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-7.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

---

[1] The record contains a prior partially favorable ALJ decision dated October 29, 2010. (T. 53-68.) Plaintiff did not appeal the October 29, 2010 decision.

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 23-28.) First, the ALJ found that Plaintiff met the insured status requirements through March 31, 2015 and Plaintiff had not engaged in substantial gainful activity since October 30, 2010. (T. 23.) Second, the ALJ found that Plaintiff had the severe impairments of lumbar degenerative disc disease ("DDD") and obesity. (*Id.*) Third, the ALJ found that Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 24.) Fourth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work; however, Plaintiff would need to "get up and move around after 45 minutes of sitting and she could not perform repetitive crouching or stooping." (*Id.*)[2] Fifth, the ALJ determined that Plaintiff was capable of performing her past relevant work as a custom's broker. (T. 27.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes essentially three separate arguments in support of her motion for judgment on the pleadings. First, Plaintiff argues the ALJ's RFC determination was not supported by substantial evidence, because the ALJ erred in assessing the medical opinions in the record, specifically the opinion of nurse practitioner Lynn Schneider. (Dkt. No. 16 at 5-7, 8-13 [Pl.'s Mem. of Law].) Second, Plaintiff argues the ALJ erred in

---

[2] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404.1567.

his credibility assessment. (*Id.* at 13-16.) Third, and lastly, Plaintiff argues the ALJ erred in his assessment of Plaintiff's past relevant work. (*Id.* at 16-17.)

### B. Defendant's Arguments

In response, Defendant makes three arguments. First, Defendant argues the ALJ properly assessed the opinion evidence and his RFC finding was supported by substantial evidence. (Dkt. No. 19 at 5-10 [Def.'s Mem. of Law].) Second, Defendant argues the ALJ properly assessed the credibility of Plaintiff's subjective complaints. (*Id.* at 11-13.) Third, and lastly, Defendant argues the ALJ correctly found Plaintiff not disabled at step four. (*Id.* at 13-15.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 404.1520. The Supreme Court has recognized the validity of this sequential evaluation

process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

## IV. ANALYSIS

### A. Whether the ALJ's RFC Determination was Supported by Substantial Evidence Based on the ALJ's Assessment of the Medical Opinions in the Record.

Plaintiff's argument regarding the medical opinion in the record is twofold. First, Plaintiff argues that the ALJ's RFC analysis was not supported by substantial evidence, because the RFC limitations were not based on any medical evidence and therefore are based on the ALJ's own interpretation of the evidence. (Dkt. No. 16 at 5-7 [Pl.'s Mem. of Law].) Second, Plaintiff argues the ALJ improperly rejected the limitations imposed by treating nurse practitioner Lynn Schneider. (*Id.* at 8-13.) Defendant counters that the ALJ based his RFC determination on all of the relevant medical evidence in the

6

record and properly evaluated the opinion evidence of Ms. Schneider. (Dkt. No. 19 at 5-10 [Def.'s Mem. of Law].)

It is the ALJ's duty to formulate the RFC determination based on the medical evidence in the record. 20 C.F.R. § 404.1545. Further, the RFC determination need not follow one particular medical opinion and it is the duty of the ALJ to resolve conflicts in the medical evidence. *Matta v. Asture*, 508 Fed.App'x. 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."); *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) ("In our review, we defer to the Commissioner's resolution of conflicting evidence."). However, in formulating the RFC determination, an ALJ cannot substitute his own evaluation of raw medical evidence. *Balsamo v. Chater,* 142 F.3d 75, 81 (2d Cir.1998) (noting that an "ALJ cannot arbitrarily substitute his own judgment for competent medical opinion"). The ultimate question here, is whether the ALJ properly formulated his RFC determination based on the medical record in evidence or did the ALJ improperly substitute his own judgment. However, before that question can be answered, the issue of whether or not the ALJ properly assessed the opinion evidence provided by Ms. Schneider should be addressed. Therefore, for ease of analysis, the treatment of Ms. Schneider's opinion evidence will be addressed first.

    **i.**    **Whether the ALJ Properly Assessed the Opinion Evidence Provided by Ms. Schneider.**

After carefully considering the matter, the Court answers this question in the affirmative, for the reasons stated in Defendant's memorandum of law. (Dkt. No. 19 at 7-10 [Def.'s Mem. of Law].) The Court adds the following analysis.

Although a nurse practitioner may be a treating health care provider, not all treating health care providers are "treating sources" under the applicable Social Security Regulations. A "treating source" is defined as the plaintiff's "own physician, psychologist, or other acceptable medical source who provides [plaintiff], or has provided [plaintiff], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [plaintiff]." 20 C.F.R. § 404.1502. There are five categories of "acceptable medical sources." *Id.* § 404.1513(a). Nurse practitioners are not included within those categories. Nurse practitioners are listed among the "other medical sources," whose opinion may be considered as to the severity of a plaintiff's impairment and ability to work, but their conclusions are not entitled to any special weight. *Id.* § 404.1513(d)(1). The Second Circuit has long recognized that the opinions of a nurse practitioner who regularly treats a claimant are entitled to "some extra consideration." *Mongeur v. Heckler,* 722 F.2d 1033, 1039 n. 2 (2d Cir.1983).

Here, Plaintiff was treated primarily by Ms. Schneider, whom the ALJ recognized at her primary treating source. (T. 24.) In addition to her regular treatment notes, Ms. Schneider provided a letter dated November 7, 2011, wherein she stated Plaintiff was able to sit for five minutes at a time, stand for ten minutes at a time, and lift a maximum of ten pounds. (T. 424.) The ALJ afforded Ms. Schneider's opinion "little weight" reasoning that it was not consistent with the totality of the evidence in the record, including Plaintiff's own reported abilities. (T. 26.) The ALJ also appears to discredit

8

Ms. Schneider's opinion based on internal inconsistencies, because Ms. Schneider limited Plaintiff to lifting a maximum of ten pounds; however, Ms. Schneider then stated Plaintiff could perform light housework and care for a three year old child. (*Id.*)

Plaintiff argues the ALJ erred in his assessment of Ms. Schneider's opinion because he failed to follow the factors outlined in the Regulations for evaluating medical opinions and instead rejected her opinion because she was not an acceptable medical source. (Dkt. No. 16 at 9 [Pl.'s Mem. of Law].)[3] Plaintiff's arguments are misplaced, because a reading of the decision showed the ALJ adhered to the Regulations. Where an ALJ's reasoning and adherence to the Regulations is clear, he is not required to explicitly go through each and every factor of the Regulation. *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (plaintiff challenged ALJ's failure to review explicitly each factor provided for in 20 C.F.R. § 404.1527(c), the Court held that "no such slavish recitation of each and every factor [was required] where the ALJ's reasoning and adherence to the regulation [was] clear").

The ALJ noted that Ms. Schneider was not an acceptable medical opinion, but he did not base his assessment of her opinion on that one factor alone. Further, the ALJ properly applied the Regulations in assessing the weight to afford Ms. Schneider's opinion. The ALJ relied on the inconsistencies between Ms. Schneider's opinion and other medical evidence in the record under 20 C.F.R. § 404.1527(c)(4). For example, Ms. Schneider's opinion that Plaintiff's pain limited her ability to sit and stand was not supported by the medical evidence in the record which generally showed Plaintiff

---

[3] Medical opinion evidence will be evaluated under the following factors: (1) examining relationship, (2) treatment relationship, (3) supportability, (4) consistency, (5) specialization, (6) other factors. 20 C.F.R. § 404.1527(c)(1)-(6).

appeared healthy, did not continuously take prescription narcotics (instead relying on over the counter medication for relief), experienced relief with walking and ice therapy, exercised regularly on a treadmill, and cared for her young daughter. (*See generally* T. 356, 358, 362, 381.) Therefore, the ALJ properly assessed Ms. Schneider's opinion in light of the Regulations and the medical evidence in the record.

### ii. Whether the ALJ's RFC Assessment was Supported by Substantial Evidence.

After carefully considering the matter, the Court answers this question in the negative, for the reasons stated in Plaintiff's memorandum of law. (Dkt. No. 16 at 5-7 [Pl.'s Mem. of Law].) The Court adds the following analysis.

Although the ALJ properly assessed the opinion evidence of Ms. Schneider, his RFC determination was not supported by substantial evidence in the record because, absent Ms. Schneider's functional limitations, the record was essential silent regarding Plaintiff's exertional and non-exertional limitations. To be sure, it is the duty of the ALJ, not a medical source, to formulate a plaintiff's RFC. 20 C.F.R. § 404.1545. In assessing a plaintiff's RFC the ALJ is directed to look at all relevant medical evidence in the record, statements from medical sources about what the plaintiff can do, and other testimony regarding plaintiff's limitations. *Id.* § 404.1545(a)(3). However, an ALJ cannot assess a plaintiff's RFC based on his own interpretation of the medical evidence. *See Balsamo,* 142 F.3d at 81.

Although Plaintiff underwent a consultative exam, the examiner failed to provide a medical source statement. (T. 405-408.)[4] Further, none of the other treating sources

---

[4] Dr. Wassaf's medical source statement stated that Plaintiff "is still experiencing constant lower back pain. She has been told that she has left drop foot. She is also experiencing frequent headaches." Dr. Wassaf provided no further insight into Plaintiff's abilities or limitations. (T. 408.)

in the record provided functional limitations. Where "the record lacks a broad assessment of [plaintiff's] physical functional limitations by an acceptable medical source . . . there is an insufficiency in the record that the ALJ should [address], either by obtaining the opinion of a consultative examiner or by recontacting one of [plaintiff's] treating physicians." *Larkin v. Colvin*, No. 13-CV-0567, 2014 WL 414626, at * 9 (N.D.N.Y. Aug. 14, 2014); *see also Jones v. Colvin*, No. 14-CV-556S, 2015 WL 5126151, at *4 (W.D.N.Y. Sept. 1, 2015) (holding that an ALJ was not qualified to assess a plaintiff's RFC on the basis of bare medical findings, and as a result the ALJ's determination of the RFC without a medical advisor's assessment was not supported by substantial evidence) (*citing Ramos v. Colvin*, No. 13-CP-6503P, 2015 WL 925965, at *9 (W.D.N.Y. March 4, 2015)); *House v. Astrue*, No. 11-CV-915, 2013 WL 422058, at * 4 (N.D.N.Y. Feb. 1, 2013) (holding that remand was necessary where there was no medical source opinion supporting the ALJ's RFC determination). Although the ALJ properly assessed the opinion evidence of Ms. Schneider, his RFC determination was not supported by substantial evidence, because the record was insufficient to support such an RFC. Remand is therefore recommended for the ALJ to either request another more comprehensive consultative exam or to obtain a medical source statement from an acceptable medical source regarding Plaintiff's functional limitations.[5]

**B.    Whether the ALJ Properly Assessed Plaintiff's Credibility.**

A plaintiff's allegations of pain and functional limitations are "entitled to great weight where ... it is supported by objective medical evidence." *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 270 (N.D.N.Y. 2009) (*quoting Simmons v. U.S. R.R. Ret. Bd.*, 982

---

[5] To be sure, this recommendation should not be read as to preclude the ALJ from reassessing the opinion evidence of Ms. Schneider in light of any additional evidence obtained on remand.

11

F.2d 49, 56 (2d Cir.1992)). However, the ALJ "is not required to accept [a plaintiff's] subjective complaints without question; he may exercise discretion in weighing the credibility of the [plaintiff's] testimony in light of the other evidence in the record." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citing *Marcus v. Califano,* 615 F.2d 23, 27 (2d Cir.1979)). "When rejecting subjective complaints, an ALJ must do so explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief." *Rockwood*, 614 F. Supp. 2d at 270.

"The ALJ's credibility assessment must be based on a two step analysis of pertinent evidence in the record. First, the ALJ must determine whether the claimant has medically determinable impairments, which could reasonably be expected to produce the pain or other symptoms alleged." *Id.*, at 271.

> Second, if medically determinable impairments are shown, then the ALJ must evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the claimant's capacity to work. Because an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, an ALJ will consider the following factors in assessing a claimant's credibility: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms.

*Id.* Further, "[i]t is the role of the Commissioner, not the reviewing court, "to resolve evidentiary conflicts and to appraise the credibility of witnesses," including with respect to the severity of a claimant's symptoms." *Cichocki v. Astrue*, 534 F. App'x 71, 75 (2d

12

Cir. 2013) (*citing Carroll v. Sec'y of Health & Human Servs.,* 705 F.2d 638, 642 (2d Cir.1983)).

Plaintiff argues that the ALJ erred in his credibility assessment when he determined Plaintiff's statements were not credible to the extent that they are "inconsistent with the above [RFC] assessment." (*Id.* at 13.) To be sure, although a "[plaintiff's] credibility may be questioned if it is inconsistent with the medical evidence . . . , it is improper to question the plaintiff's credibility because it is inconsistent with the RFC determined by the ALJ." *Gehm v. Astrue*,10-CV-1170, 2013 WL 25976, at *5 (N.D.N.Y. Jan. 2, 2013); *see also Patterson v. Astrue*,11-CV-1143, 2013 WL 638617, at *14 (N.D.N.Y. Jan. 24, 2013) ("This assessment of plaintiff's credibility is formed only on the basis of how plaintiff's statements compare to the ALJ's RFC assessment. The ALJ's analysis is therefore fatally flawed, because, it demonstrates that he improperly arrived at his RFC determination before making her credibility assessment, and engaged in a credibility assessment calculated to conform to that RFC determination."). Therefore, the ALJ did improperly conclude Plaintiff's statements were not credible in that they were inconsistent with the RFC determination; however, this error was harmless.

Courts have concluded that despite this language, an ALJ's credibility determination may still be proper, if the ALJ provided a detailed discussion of a plaintiff's credibility "explicitly and with sufficient specificity to enable the court to decide whether there are legitimate reasons for the ALJ's disbelief." *Rockwood*, 614 F. Supp. 2d at 270. Further, it is the function of the ALJ, not the reviewing courts to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the plaintiff.

13

*Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1982). Although the ALJ improperly concluded Plaintiff's statements were not credible because they were inconsistent with his RFC determination, the ALJ did provide a credibility analysis which allowed this Court to determine the legitimate reasons for the ALJ's disbelief.

Here, despite the ALJ's language finding Plaintiff's statements not credible to the extent that they were inconsistent with the RFC assessment, the ALJ nonetheless conducted a proper credibility analysis. The ALJ discussed the relevant factors as outlined in 20 C.F.R. § 404.1529(c)(3) and SSR 96-7p, 1996 WL 374186. (T. 25-26.) However, given that this matter is being recommended for remand so that the ALJ may obtain additional medical evidence, it is also recommend for remand for a proper credibility analysis in light of any new medical opinion evidence obtained.

### C.     Whether the ALJ Erred at Step Four in Evaluating Plaintiff's Past Relevant Work.

After carefully considering the matter, the Court answers this question in the negative, for the reasons stated in Defendant's memorandum of law. (Dkt. No. 19 at 13-15 [Def.'s Mem. of Law].) The Court adds the following analysis.

To be sure, in light of any new medical evidence obtained by the ALJ on remand, it is also recommended that the ALJ conduct a new analysis at step four of the sequential process. However, Plaintiff specifically argues the ALJ committed error by failing to make adequate findings with respect to the exertional and non-exertional demands of Plaintiff's past relevant work as a custom broker. (Dkt. No. 16 at 16-17 [Pl.'s Mem. of Law].) On this specific issue, remand is not recommended, because the ALJ adequately examined the demands of Plaintiff's past work.

At step four of the five step sequential evaluation process for determining whether an individual is disabled, the ALJ must determine whether the claimant has the RFC to perform the requirements of her past relevant work. 20 CFR § 404.1520(f).  The term past relevant work is defined as "work that [the claimant] has done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it. 20 CFR § 404.1560(b)(1).  A plaintiff will be found not disabled if it is determined that he has the RFC to perform: "1. The actual functional demands and job duties of a particular past relevant job; or 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy."  SSR 82-61 (S.S.A. 1982).

SSR 82-62  stresses the importance of having a complete and accurate description of a plaintiff's past relevant work: "The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit." In order to determine whether a claimant can perform PRW there must be sufficient documentation and "enough information on past work to permit a decision as to the individual's ability to return to such past work (or to do other work)." *Id.*

Although Plaintiff did not provide a detailed description of her past relevant work as a custom broker during the hearing, the ALJ reasonably relied on Plaintiff's description of this work as noted in the record, including the previous ALJ decision.  (T.

27, 65, 156, 193.)[6] Therefore, there was sufficient evidence in the record upon which the ALJ could rely in determining the exertional and non-exertional parameters of Plaintiff's past work and the ALJ did not err in his assessment of Plaintiff's past relevant work in this regard. However, to the extent that remand is recommended so that the ALJ may obtain a medical source opinion, the ALJ should also consider whether any new evidence alters his assessment at steps four and five of the sequential process.

**ACCORDINGLY**, based on the findings above, it is

**RECOMMENDED**, that the Plaintiff's motion for judgment on the pleadings be **GRANTED in PART and DENIED in PART**, and the Commissioner's determination be **GRANTED in PART and DENIED in PART**, and the matter be **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g) and consistent with this report**.**

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have **FOURTEEN (14) DAYS** within which to file written objections to the foregoing report. Any objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 17, 2015

*[signature: Bill Carter]*
William B. Mitchell Carter
U.S. Magistrate Judge

---

[6] The previous ALJ decision stated Plaintiff reported that her work as a custom broker involved lifting less than ten pounds frequently and carrying boxes 10-15 feet, and a significant amount of sitting and standing. (T. 65.)